IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

REGINALD L. DUNAHUE                                                                                          PLAINTIFF
ADC #106911

v.                                            4:21-cv-00959-JM-JJV

DEXTER PAYNE, Director, ADC; *et al.*                                                                 DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   INTRODUCTION**

Reginald L. Dunahue ("Plaintiff") is a prisoner in the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants Director Dexter Payne, Deputy Director Marshall Reed, Warden Gary Musselwhite, Assistant Warden Robert Pierce, Chief Clyde Daniel, Lieutenant Curry Branham, Officer Eddie Knight, and Captain Shaqueta Johnson violated his Eighth Amendment rights by failing to protect him from being attacked by inmate Joseph Lyda on October 5, 2021. (Doc. 46.) All other claims and Defendants have been previously dismissed without prejudice. (Docs. 8, 45.)

Defendants have filed a Motion for Summary Judgment arguing the claims against them

1

should be dismissed without prejudice because Plaintiff failed to properly exhaust his available administrative remedies. (Docs. 53-55.) Plaintiff has filed a Response. (Doc. 57.) After careful consideration and for the following reasons, I recommend the Motion for Summary Judgment be GRANTED, Plaintiff's claims be DISMISSED without prejudice, and this case be CLOSED.

## II. SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

    **A.   The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.   *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).   Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.   *Id.*

    **B.   The ADC's Exhaustion Procedure**

The ADC grievance policy in effect at the relevant time in this case was Administrative Directive 19-34.   (Docs. 53-1, 53-2.)   This Directive establishes a three-step procedure.   (*Id*.) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident.   The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place,

3

"personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id*. § IV(E)(2))(emphasis added.) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties. (*Id*. § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id*. § IV(C)(4) and (7).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance with Warden on the same Unit Level Grievance Form within three working days. (*Id.* § IV(E)(11) and (F)(5)(7). The Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the response or does not timely receive a response, must appeal within five working days to the ADC Assistant Director. (*Id*. § IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C. Plaintiff's Grievances

In early October 2021, Plaintiff filed two grievances, CU-21-1410 and CU-21-1423, saying

ADC officials failed to prevent the October 5, 2021 attack.[1]  (Docs. 53-3.)   However, Plaintiff obtained a final ruling on those grievances in December 2021, which was approximately two months after he commenced this action on October 20, 2021.  (*Id*.; Doc. 2.)

The PLRA requires an inmate to complete the exhaustion process before filing a lawsuit in federal court.  42 U.S.C. § 1997e(a).  Plaintiff argues he complied with the PLRA by completing the exhaustion process before he filed his Amended Complaint on April 29, 2022.  (Docs. 46, 57.) But, the law on this point is clear.  "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in the original).  Dismissal is mandatory if "exhaustion was not completed at the time of filing." *Id.; see also Booth v. Churner,* 532 U.S. 731, 734 (2001) (the PLRA requires prisoners to complete exhaustion "before suing over prison conditions"); *Harris v. Kemna*, No. 05-2746, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (unpublished opinion) (affirming dismissal when exhaustion was not complete at the time of filing).  And the ADC's grievance policy reminds prisoners they "must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance."  (Doc. 53-2 at 5.)  Because Plaintiff obtained a final ruling on his grievances <u>after</u> he filed this lawsuit, he failed to properly exhaust his administrative remedies.

Proper exhaustion is "mandatory," and courts cannot consider the merits of a prisoner's claims until that hurdle has been cleared.  *Jones,* 549 U.S. at 211.  The only exception to the

---

[1] Plaintiff has also provided CU-21-1469 as evidence of exhaustion.  (Doc. 57 at 11-14.) However, that grievance is irrelevant because it says ADC officials continued to house Plaintiff near Lyda after the October 5, 2021 attack, and not that they allegedly failed to prevent the attack from occurring.  Further, even if I found it relevant, this grievance would not satisfy the PLRA because, as with the other two grievances, Plaintiff obtained a final ruling on it <u>after</u> he commenced this lawsuit.  (*Id*.)

exhaustion requirement is if administrative remedies were "unavailable" such as when the prison grievance procedure is "so opaque that it becomes . . . incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 42 U.S.C. § 1997e(a); *Ross v. Blake,* 578 U.S. 632, 642-44 (2016); *Townsend v. Murphy,* 898 F.3d 780, 783 (8th Cir. 2018). Plaintiff has not presented any facts that would fall under that narrow exception. Accordingly, his claims must be dismissed without prejudice.

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

IV.     **CONCLUSION**

   IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendants' Motion for Summary Judgment (Doc. 53) be GRANTED; Plaintiff's claims against Defendants Payne, Reed, Musselwhite, Pierce, Daniel, Branham, Knight, and

Johnson be DISMISSED without prejudice; and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of July 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE